J-S04006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JUAN JOSE BENITEZ-ROSADO :
:
Appellant : No. 849 MDA 2018

Appeal from the PCRA Order April 23, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005492-2011

BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:          **FILED: OCTOBER 30, 2020**

Appellant, Juan Jose Benitez-Rosado, appeals from the order denying

his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S. §§ 9541-9546.  We affirm.

In response to Appellant's direct appeal from the judgment of sentence,

the trial court summarized the underlying facts of this case as follows:

> All of this conduct occurred on three separate nights in June,
> 2011 in the living room of the house [Appellant] and [Victim's]
> older half-sister were living in ….  [Victim] and her parents were
> staying there while on vacation and, since the house is small,
> [Victim], her half-sister and [Appellant] all slept in the living room
> and [Victim's] parents slept in the nearby bedroom.
>
> The first incident occurred while [Victim's] half-sister was
> sleeping on the couch and [Victim] was lying down on an air
> mattress near the couch watching television.  [Appellant], who
> was sitting at a computer table in another part of the room, got
> up from where he was, went over to [Victim] and tried to kiss her
> on the lips.  [Victim] did not give [Appellant] permission to do this.

---

\* Former Justice specially assigned to the Superior Court.

The second incident occurred while [Victim] was lying down on the couch and [Appellant] and [Victim's] half-sister were lying down on the air mattress near the couch. As [Victim] was beginning to fall asleep, [Appellant] reached up and touched her breasts with his hand and put his fingers in her vagina. [Victim] did not give [Appellant] permission to do this.

The third incident occurred while [Victim], her half-sister and [Victim's] nephew were sleeping on the air mattress near the couch and [Appellant], who was lying down on the couch, grabbed [Victim] by the back of her neck and forced his penis into her mouth. [Victim] did not give [Appellant] permission to do this.

Trial Court Opinion, 2/8/13, at 2-3 (emphases and citations to record omitted).

On July 11, 2012, a jury convicted Appellant of two counts each of aggravated indecent assault and indecent assault, and one count each of involuntary deviate sexual intercourse and corruption of minors.[1] On October 22, 2012, the trial court sentenced Appellant to serve an aggregate term of incarceration of ten to twenty years, which included a mandatory minimum sentence for the aggravated indecent assault conviction under 42 Pa.C.S. § 9718(a)(1).

On January 30, 2014, this Court affirmed the judgment of sentence. *Commonwealth v. Benitez-Rosado*, 472 MDA 2013, 96 A.3d 1096 (Pa. Super. filed January 30, 2014) (unpublished memorandum). Appellant did

---

[1] 18 Pa.C.S. §§ 3125(a)(1) & (8); 3126(a)(1) & (8); 3123(a)(7); and 6301(a)(1), respectively.

not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Appellant filed a timely first PCRA petition on November 3, 2014, and the PCRA court appointed counsel. The PCRA court denied relief on May 16, 2016. On appeal, this Court determined that Appellant's sentence was illegal because the mandatory sentencing statute had been ruled facially unconstitutional. Therefore, we reversed the order of the PCRA court, vacated Appellant's judgment of sentence, and remanded for resentencing. On March 31, 2017, the trial court resentenced Appellant to serve an aggregate term of incarceration of ten to twenty years.

On September 1, 2017, Appellant filed a *pro se* document seeking to challenge his sex offender registration requirements pursuant to *Commonwealth v. Muniz*, 164 A.3d 1189, 1193 (Pa. 2017).[2] The Commonwealth filed a response to the *pro se* filing on September 20, 2017. On September 21, 2017, Appellant's counsel filed an amended PCRA petition.[3]

_____

[2] We observe that Appellant's filing is listed on the PCRA court docket as "correspondence" having been filed on September 1, 2017. However, the actual document is not included in the certified record before us on appeal.

[3] After the enactment of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.42, our Supreme Court determined that the SORNA registration provisions are punitive in nature and that retroactive application of SORNA's requirements violates both the Pennsylvania and federal *ex post facto* clauses. *Muniz*, 164 A.3d at 1193. Furthermore, the punitive nature of SORNA impacts the legality of a sex offender's sentence. *Commonwealth v. Butler*, 173 A.3d 1212, 1215 (Pa.

A hearing was held on November 9, 2017. On April 23, 2018, the PCRA court denied Appellant's petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> **ISSUE #1:** While Appellant's PCRA petition was pending, the General Assembly passed Act 10 of 2018, purportedly amending SORNA to be in compliance with the Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). The PCRA court denied Appellant's petition on that basis. However, Appellant's sentence is still illegal under Act 10. Subchapter I, which applies to Appellant, is no less punitive than SORNA: it does virtually nothing to alter the registration requirements the *Muniz* Court deemed so onerous as to constitute punishment. Just like SORNA, Subchapter I cannot be retroactively applied to Appellant due to the punitive nature of the Act being essentially the same as SORNA, the statute it replaced. Imposing Subchapter I against Appellant is thus an illegal sentence. Because SORNA was improperly applied to Appellant and has now been supplanted by the equally inapplicable Subchapter I, Appellant has no duty to register as a sex offender.

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014)

_____

Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018). Therefore, Appellant's claims challenging the application of SORNA's registration requirements are issues concerning the legality of a sentence and are cognizable under the PCRA. *Commonwealth v. Greco*, 203 A.3d 1120, 1123 (Pa. Super. 2019) (citing *Commonwealth v. Murphy*, 180 A.3d 402, 405-406 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018)).

(*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4] **See Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa.

---

[4] The exceptions to the timeliness requirement are:

Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

As previously noted, Appellant's judgment of sentence was affirmed by this Court on January 30, 2014. ***Benitez-Rosado***, 96 A.3d 1096. However, Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Accordingly, Appellant's judgment of sentence became final on March 3, 2014,[5] thirty days after the time for filing a petition for allowance

___

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[5] We note that a petition for allowance of appeal needed to be filed on or before Monday, March 3, 2014, because March 1, 2014, was a Saturday. ***See*** 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

of appeal with the Pennsylvania Supreme Court expired.[6]  ***See*** 42 Pa.C.S.

§ 9545(b)(3) (providing that "a judgment becomes final at the conclusion of

direct review, including discretionary review in the Supreme Court of the

United States and the Supreme Court of Pennsylvania, or at the expiration of

time for seeking the review."); Pa.R.A.P. 903(a).  Thus, Appellant had until

March 3, 2015, to file a timey PCRA petition.  The instant PCRA petition, filed

in 2017, is patently untimely.

---

[6]  We are compelled to discuss the effect that the PCRA court's resentencing of Appellant on March 31, 2017, had upon the instant PCRA petition.  Appellant properly exercised his direct appeal rights, and his first PCRA petition resulted in relief in the form of a corrected sentence.  Thus, the relief granted to Appellant as a result of his first PCRA did not affect the adjudication of guilt but rather, merely the sentence imposed.  In this regard, this Court has explained that "[b]ecause the purpose of the PCRA is to prevent a fundamentally unfair conviction, ***Commonwealth v. Carbone***, 707 A.2d 1145, 1148 (Pa. Super. 1998), and the issue of [the] appellant's conviction was not disturbed on the prior PCRA action, we find that this [PCRA] petition constitutes [the] appellant's second attempt at collateral relief." ***Commonwealth v. Dehart***, 730 A.2d 991, 994 (Pa. Super. 1999). Subsequently, in ***Commonwealth v. McKeever***, 947 A.2d 782, 785-786 (Pa. Super. 2008), we reiterated the holding in ***Dehart*** that "a successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only.  We reached this conclusion because the purpose of the PCRA is to prevent an unfair conviction. ***Id***., 730 A.2d at 994 n. 2."  Hence, because Appellant's successful first PCRA petition did not reset the clock for the calculation of the finality of the judgment of sentence for purposes of the instant PCRA petition, we employ the date of Appellant's original judgment of sentence for calculating finality.

As stated, if a petitioner does not file a timely PCRA petition, his petition may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted.[7] 42 Pa.C.S. § 9545(b)(2).

Appellant appears to take the position that his PCRA petition is timely because he was resentenced on March 31, 2017. However, for the reasons discussed *supra* in footnote 6, Appellant's petition was not timely filed. Furthermore, Appellant fails to satisfy the "newly recognized constitutional right" exception to the time-bar under Section 9545(b)(1)(iii) by arguing that the registration requirement imposed upon him pursuant to the Sexual Offenders Notification Act ("SORNA") is unconstitutional under our Supreme Court's July 19, 2017 decision in **Muniz**, 164 A.3d 1189 (holding SORNA's registration provisions are punitive and retroactive application of SORNA's provisions violates the *ex post facto* clause of the Pennsylvania Constitution).

Regarding this exception, our Supreme Court explained:

_____

[7] On October 24, 2018, the General Assembly amended section 9545(b)(2), extending the time for filing a petition from sixty days to one year from the date the claim could have been presented. 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, which is December 24, 2017, or thereafter. Here, Appellant's alleged claim arose on July 19, 2017, the date that the decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), was filed. Therefore, the amendment is inapplicable because the decision in **Muniz** preceded December 24, 2017.

Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, **it provides that the right "has been held" by "that court" to apply retroactively**. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. **The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed**.

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649-650 (Pa. 2007) (quoting

*Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002))

(emphases added).

We have held that *Muniz* created a substantive rule of constitutional law that must apply retroactively in timely PCRA proceedings. *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). Thereafter, in *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018), we stated the following:

[W]e acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera-Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See* [*Commonwealth v.*] *Abdul-Salaam*, [812 A.2d 497, 501 (Pa. 2002)]. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Murphy*, 180 A.3d at 405-406. Thus, in *Murphy* we held that the substantive rule recognized in *Muniz* does not establish a timeliness exception to the PCRA. Hence, no exceptions apply to exempt Appellant from failing to meet the timeliness requirement of the PCRA.[8]

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the issues presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition.

Order affirmed.

Judge Ott did not participate in the consideration or decision of this case.

---

[8] Although we do not reach the merits of the claim presented, we recognize that on July 21, 2020, while this appeal was pending in this Court, our Supreme Court decided *Commonwealth v. Lacombe*, _____ A.3d _____, 2020 WL 4150283 (Pa. filed July 21, 2020), wherein it addressed the issue of whether, despite the differences between Subchapter I and the original SORNA statute, Subchapter I remains punitive and its retroactive application unconstitutional under an *ex post facto* analysis. The Court in *Lacombe* ultimately "[held] Subchapter I does not constitute criminal punishment, and the *ex post facto* claims forwarded … necessarily fail." *Id*. at *18. Hence, had we not concluded that the PCRA petition was untimely and addressed the merits of Appellant's issue presented on appeal, we necessarily would conclude that Appellant's claim lacks merit.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/30/2020